UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT DEAN GRIFFIN,<br><br>             Plaintiff,<br><br>   v.<br><br>ROBERT HERZOG, et al.,<br><br>             Defendants. | CASE NO. 3:17-cv-5394 RBL-TLF<br><br>ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT, DENYING MOTION FOR DEFAULT JUDGMENT, AND RE-NOTING MOTION FOR PRELIMINARY INJUNCTION |

Before the Court are defendants' cross-motion for more definite statement (Dkt. 19), plaintiff's cross-motion for more definite statement (Dkt. 21), and plaintiff's second motion for default judgment (Dkts. 40 and 41). Also, the Court has received the plaintiff's Proposed Amended Complaint (Dkt. 13), and Proposed Second Amended Civil Rights Complaint (Dkt. 16). For the reasons stated herein, defendants' motion for more definite statement is granted and the remaining motions are denied. In addition, plaintiff's motion for preliminary injunction shall be re-noted for consideration after plaintiff has set forth his claims consistent with this Order.

## BACKGROUND

On May 31, 2017, Plaintiff Robert Dean Griffin filed a complaint naming nine defendants and a Jane Doe. Dkt. 2. Mr. Griffin alleged that Donald R. Dean, Kellie A. Delp, Nancy R. Fernelius, Sarah P. Gedney, Dr. Steven Hammond, Robert Herzog, Ron A. Mortensen, Gail Robbins, and Dan White violated his civil rights when they allegedly denied him adequate

ORDER GRANTING MOTION FOR MORE
DEFINITE STATEMENT - 1

medical care for a spider bite and MRSA infection. *Id.* Defendants Dean, Herzog, Mortensen, and White have since waived service and have entered appearances in the case. Dkts. 8-12.

On June 30, 2017, Mr. Griffin filed a proposed amended complaint alleging Eighth Amendment violations concerning meals, hygiene products, and exercise. Dkt. 13. He did not submit a motion for a court order allowing him to amend. In this amended complaint, Mr. Griffin's claims are difficult to understand. He names only three of the original defendants (Robert Herzog, Donald R. Holbrook and Scott Buttice) and does not identify whether he intends to include as defendants any of the other eight defendants from the original Complaint (Dkt. 3) in this lawsuit. Although the original defendants are mentioned within the body of his amended complaint, it is unclear whether Mr. Griffin intends to maintain his claims against them or is simply including material related to the (apparently) dropped defendants for the sole purpose of substantiating and explaining his claims against the new defendants.

Mr. Griffin's first proposed amended complaint (Dkt. 13) also appears to allege claims against two people who have not been named in either complaint, PA-C Jo Phillips and RN2 Alejandrow. Dkt. 13, pp. 9-10. It is unclear whether Mr. Griffin intended to name Phillips and Alejandrow as defendants or whether he is mentioning these individuals solely to support his allegations against Defendants Herzog, Holbrook, and Buttice.

On July 6, 2017, Mr. Griffin filed a "Second Amended Civil Rights Complaint" (Dkt. 16), which seems to allege claims related to concerns that he is being deprived of reasonable access to the courts. Defendants opposed the amendments (Dkt. 14, 19, 23), because Mr. Griffin did not make a motion requesting that the Court allow an amendment, his Complaints are difficult to comprehend, and it is unclear whether this second proposed amended complaint (Dkt.

ORDER GRANTING MOTION FOR MORE
DEFINITE STATEMENT - 2

16) was meant to replace Mr. Griffin's prior complaints or if he intended all three of the potential complaints to be cumulative.

## DISCUSSION

**A.     Filing of Multiple Complaints – Motion for More Definite Statement**

A motion for more definite statement may be filed when "a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R Civ. P. 12(e).  "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Defendants are required to "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

Mr. Griffin's original complaint named nine defendants and alleged deliberate indifference to a spider bite and MRSA infection. (Dkt. 3). Mr. Griffin's first proposed amended complaint named three defendants and alleged Eighth Amendment violations concerning meals, hygiene products, and exercise.  (Dkt. 13). Mr. Griffin's most recent proposed amendment appears to relate exclusively to legal access, and contains allegations against defendants not previously named. (Dkt. 16).

An amended pleading operates as a complete substitute for the previously filed complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  In addition, Fed. R. Civ. P. 8 requires Mr. Griffin to include short and plain statements showing how he is entitled to relief.  However, his multiple complaints share no common thread and relate to distinct events at different institutions giving rise to unrelated legal claims.  There can only be one operative complaint in this matter and defendants must be able to form and articulate their defenses and to

ORDER GRANTING MOTION FOR MORE
DEFINITE STATEMENT - 3

admit or deny plaintiff's allegations. In addition, this Court must be able to discern which claims are being pursued and which defendants are to be served. Thus, the defendants request for a more definite statement of Mr. Griffin's claims is justified.

**B.      Motions for Default Judgment**

Mr. Griffin was previously advised that a motion for default is premature. *See* Dkt. 38. According to the Federal Rules of Civil Procedure, if a motion is filed under Rule 12, the deadline for a responsive pleading changes according to a court's disposition of the motion. Fed. R. Civ. P. 12(a)(1). Defendants shall be given additional time to file their answer after an operative complaint has been filed.

**C.      Motion for Injunctive Relief**

The Court previously re-noted plaintiff's motion for injunctive relief (Dkt. 5) for August 4, 2017 to provide sufficient time for service and defendants' response. Because Mr. Griffin has not yet identified which defendants or which claims he is pursuing in this action, the motion shall be continued to **September 29, 2017.**

Accordingly, it is **ORDERED:**

Defendants' cross-motion for more definite statement (Dkt. 19) is **GRANTED** and Plaintiff's cross-motion for more definite statement (Dkt. 21) is **DENIED**. Mr. Griffin has a choice between two options:

(1)     **First option** (**alternative to option #2 below**): he may, **by September 1, 2017**, identify one or more of the three complaints (Dkts. 3, 13, and 16) he wishes to pursue in this case. If he wishes to maintain his filing of the original complaint, and wants to make a motion to amend his original complaint with a proposed

ORDER GRANTING MOTION FOR MORE
DEFINITE STATEMENT - 4

amended complaint that is comprehensible and organized in a manner that is capable of being responded to, then he shall file such a proposed amendment and motion to amend; and thereafter, the Court will determine whether the amendment will be allowed.

(2) **Second option** and as an **alternative to option #1 above**, Mr. Griffin shall file a new proposed amended complaint to supersede all of the previous complaints he has filed. If this second option is chosen, Mr. Griffin's new proposed amended complaint must clearly identify all the defendants he is suing. In addition, under this second option the new proposed amended complaint must identify each of the claims he intends to pursue. Specifically, Mr. Griffin shall include: a list of all the named defendants; a specific statement of each legal claim raised and, for each claim, the name of each defendant and the factual and legal allegations against him or her; the date(s), including the year, that these events allegedly occurred; a clear designation of which pages comprise the complaint; numbered paragraphs to organize the complaint; and only relevant exhibits, meaning that the exhibits only relate to the individuals and incidents named in the complaint and do not raise additional issues or claims not contained in the complaint itself. If option #2 is his choice, Mr. Griffin shall file the new proposed amended complaint **by September 1, 2017.**

(3) Plaintiff's motions for default judgment (Dkts. 40 and 41) are **DENIED.**

(4) The Clerk is directed to **re-note** Plaintiff's motion for injunctive relief (Dkt. 5) for **September 29, 2017**.

ORDER GRANTING MOTION FOR MORE
DEFINITE STATEMENT - 5

(5) The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 11th day of August, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING MOTION FOR MORE
DEFINITE STATEMENT - 6