UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT DEAN GRIFFIN,<br><br>                Plaintiff,<br><br>    v.<br><br>ROBERT HERZOG, et al,<br><br>                Defendants. | Case No. 3:17-cv-05394-RBL-TLF<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. 67. Having carefully considered that motion and balance of the record, the Court finds it should be denied.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 1

must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff requests appointment of counsel because he has a limited formal education, he does not have extensive experience with the law, he is limited in his ability to litigate this matter due to the fact of his incarceration, and the complexity of the issues involved. However, the first three asserted bases for seeking appointment of counsel are factors applicable to all inmates, and thus do not provide a valid basis for such appointment. *Wood v. Housewright*, 900 F.2d 1332, 1334-36 (9th Cir. 1990).

Plaintiff also has not shown the issues in this matter are necessarily complex. Indeed, as noted in the Report and Recommendation the undersigned has issued the same date herewith recommending dismissal of this action, it is not at all clear what specific claims or issues plaintiff is asserting. Nor do the many filings that plaintiff so far has submitted in this matter indicate an inability to adequately represent himself *pro se*. Lastly, for the reasons set forth in the Report and Recommendation, plaintiff is not able to establish a likelihood of success on the merits.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. 67) is DENIED. The Clerk shall send a copy of this Order to plaintiff and counsel for defendants.

Dated this 16th day of October, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 2